**Presentment Date: June 4, 2014 at 12:00 p.m. (ET)**
**Objection Deadline: June 4, 2014 at 11:30 a.m. (ET)**
**Hearing (only if objections are filed): June 12, 2014 at 2:00 p.m. (ET)**

STROOCK & STROOCK & LAVAN LLP
Kristopher M. Hansen
Sayan Bhattacharyya
Matthew G. Garofalo
Gabriel E. Sasson
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                          :
In re:                                    :   Chapter 11
                                          :
LOEHMANN'S HOLDINGS INC., *et al.*,[1]    :   Case No. 13-14050 (MG)
                                          :
                    Debtors.              :   (Jointly Administered)
                                          :
---------------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER APPROVING CLAIM OBJECTION PROCEDURES**

**PLEASE TAKE NOTICE** that upon the annexed motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order, substantially in the form attached thereto as Exhibit A to the Motion (the "Proposed Order"), approving claim objection procedures, the undersigned will present the Proposed Order to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), for signature on **June 4, 2014 at 12:00 p.m. (prevailing Eastern Time)**.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) LHI Liquidation Co. Inc. (f/k/a Loehmann's Holdings Inc.) (9380); (ii) LI Liquidation Co. Inc. (f/k/a Loehmann's, Inc.) (1356); and (iii) LOC Liquidation Co. Inc. (f/k/a Loehmann's Operating Co.) (6681).

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the relief sought in the Motion: (i) must be made in writing; (ii) shall state with particularity the grounds therefor; (iii) shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York; and (iv) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (General Order M-399 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, on a CD-ROM, preferably in Portable Document Format (PDF) or any other Windows-based word processing format (with a hard copy delivered directly to Chambers and the undersigned) and served in accordance with General Order M-399 and in accordance with the *Administrative Order Establishing Case Management Procedures* entered by this Court on December 20, 2013 [Dkt. No. 72] so as to be actually received no later than **June 4, 2014 at 11:30 a.m. (prevailing Eastern Time)** (the "Objection Deadline"). The ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all responses or objections. Unless objections are received by that time, the Proposed Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if no responses or objections are received by the Objection Deadline, the Proposed Order may be approved without further notice or a hearing.  If an objection is filed, a hearing on the matter shall occur on June 12, 2014 at 2:00 p.m. (prevailing Eastern Time) or another date to be determined by the Court.  The moving and objecting parties are required to attend the hearing on the matter, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: May 28, 2014         STROOCK & STROOCK & LAVAN LLP
      New York, New York

           /s/ Sayan Bhattacharyya
           Kristopher M. Hansen
           Sayan Bhattacharyya
           Matthew G. Garofalo
           Gabriel E. Sasson
           180 Maiden Lane
           New York, New York 10038-4982
           Telephone: (212) 806-5400
           Facsimile: (212) 806-6006

           *Counsel to the Debtors and*
           *Debtors-in-Possession*

**Presentment Date: June 4, 2014 at 12:00 p.m. (ET)**
**Objection Deadline: June 4, 2014 at 11:30 a.m. (ET)**
**Hearing (only if objections are filed): June 12, 2014 at 2:00 p.m. (ET)**

STROOCK & STROOCK & LAVAN LLP
Kristopher M. Hansen
Sayan Bhattacharyya
Matthew G. Garofalo
Gabriel E. Sasson
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
LHI LIQUIDATION CO. INC., *et al.*,[1]                       :    Case No. 13-14050 (MG)
                                                             :
                    Debtors.                                 :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

### DEBTORS' MOTION FOR ENTRY OF AN
### ORDER APPROVING CLAIM OBJECTION PROCEDURES

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this Motion (the "Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), substantially in the form attached hereto as Exhibit A, approving certain claim objection procedures. In support thereof, the Debtors respectfully represent as follows:

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) LHI Liquidation Co. Inc. (f/k/a Loehmann's Holdings Inc.) (9380); (ii) LI Liquidation Co. Inc. (f/k/a Loehmann's, Inc.) (1356); and (iii) LOC Liquidation Co. Inc. (f/k/a Loehmann's Operating Co.) (6681).

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007.

**BACKGROUND**

4. On December 15, 2013 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes.

5. On December 23, 2013, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

6. A description of the Debtors' business operations, capital structure and the events leading up to the Petition Date is set forth in detail in the *Declaration of William Thayer in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Dkt. No. 19].

7. On February 25, 2014, the Bankruptcy Court entered an order (the "Bar Date Order") fixing: (a) April 7, 2014 as the last date by which holders of certain prepetition claims against the Debtors, including claims under section 503(b)(9) of the Bankruptcy Code, were required to file proofs of claim (the "General Bar Date"); and (b) June 13, 2014 as the last date by which governmental units (as such term is defined in section 101(27) of the Bankruptcy Code) are required to file proofs of claim (the "Governmental Unit Bar Date" and, together with

-2-

the General Bar Date, the "Bar Dates")[2] [Dkt. No. 430]. In accordance with the Bar Date Order, on or before March 3, 2014, a proof of claim form and a notice regarding the Bar Dates (the "Bar Date Notice") [Dkt. No. 435] were mailed to all known entities holding potential prepetition claims against the Debtors. *See* Affidavit of Service [Dkt. No. 491]. In accordance with the Bar Date Order, on March 4, 2014, the Bar Date Notice was published in the national edition of *USA Today*. *See* Affidavit of Service [Dkt. No. 459].

8. On April 21, 2014, the Debtors filed a proposed joint plan of liquidation (the "Plan") [Dkt. No. 529] and related disclosure statement (the "Disclosure Statement") [Dkt. No. 530]. A hearing to consider the adequacy of the Disclosure Statement is scheduled for June 3, 2014.

9. To date, approximately 2000 proofs of claim (the "Proofs of Claim") have been filed in the Debtors' Chapter 11 Cases. On May 13, 2014, the Debtors filed three omnibus objections to claims pursuant to Bankruptcy Rule 3007, asserting that a number of claims were filed after the Bar Date, were duplicative of other claims or were amended and superseded by subsequently filed claims [Dkt. Nos. 558-60].

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A, approving certain claim objection procedures (the "Claim Objection Procedures") intended to streamline the claims process and conserve the Debtors' resources for the benefit of all parties in interest. The Debtors have filed omnibus objections to certain claims (the "Omnibus Objections") pursuant to Bankruptcy Rule 3007 and seek to file

---

[2] In addition, the Bar Date Order provides that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease (a "Rejection Damage Claim") must file a proof of claim on account of such Rejection Damage Claim by the later of (a) the General Bar Date; and (b) forty-five (45) days after the effective date of the rejection of such contract or lease, or be forever barred from doing so.

-3-

additional Omnibus Objections in accordance with the Claim Objection Procedures set forth herein.

## CLAIM OBJECTION PROCEDURES

11. As part of the claims administration process, each proof of claim filed in these cases must be reviewed because "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

12. Bankruptcy Rule 3007(c) prohibits the filing of a single objection to multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)." Bankruptcy Rule 3007(d) allows a debtor to file an Omnibus Objection when the basis for the objection is that the claims subject to objection:

    a) duplicate other claims;

    b) have been filed in the wrong case;

    c) have been amended by subsequently filed proofs of claim;

    d) were not timely filed;

    e) have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order;

    f) were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

    g) are interests, rather than claims; or

    h) assert priority in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code.

13. Pursuant to Bankruptcy Rule 3007(e), the Debtors may file an Omnibus Objection on the above listed eight grounds for up to 100 claims at a time.

14. The Debtors anticipate that not only will they object to a number of claims on the grounds enumerated in Bankruptcy Rule 3007(d), but that they will also object to many claims

on additional grounds not set forth in Bankruptcy Rule 3007(d), including, but not limited to, that a claim does not agree with the Debtors' books and records or that the claim should be reclassified. Preparing and filing individual pleadings for each objection not specifically set forth in Bankruptcy Rule 3007(d) would be time consuming and costly. Consequently, the Debtors believe that objecting to multiple claims in an Omnibus Objection on grounds in addition to those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the administrative and financial burden on the Debtors.

15. The Debtors request that, in addition to the grounds enumerated in Bankruptcy Rule 3007(d), they, and other parties in interest (to the extent that such other parties in interest have standing to do so), be permitted to file Omnibus Objections seeking reduction, reclassification, or expungement and disallowance of claims on one or more of the following additional grounds (collectively, the "Additional Permitted Grounds"):

a) The amount claimed contradicts the Debtors' books and records;

b) The claims were incorrectly classified or seek improper priority;

c) The claims seek recovery of amounts for which the Debtors are not liable;

d) the claims have been waived or withdrawn pursuant to an agreement with the Debtors (e.g., fully insured claims);

e) the claims fail to specify the asserted claim amount (other than "unliquidated");

f) the claims fail to specify a Debtor against whom the Proof of Claim is asserted;

g) The claimant did not include sufficient documentation to ascertain the validity of the claim; or

h) The claims are objectionable under section 502(e)(1)[3] of the Bankruptcy Code.

---

[3] Section 502(e)(1) requires the court to "disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that (a) such creditor's claim

-5-

16. The Debtors will comply with Bankruptcy Rule 3007 in all other respects. Specifically, each of the Omnibus Objections will:

    a)      state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

    b)      list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

    c)      include the asserted amount of each claim, the classification of the claim (*i.e.*, unsecured, priority, administrative expense, or secured), and the name of the Debtor(s) against which the claim is asserted;

    d)      state the grounds of the objection to each claim and provide a cross-reference to the pages in the Omnibus Objection pertinent to the stated grounds;

    e)      state in the title the identity of the objector and the grounds for the objections;

    f)      include the amount, if any, proposed as the allowed amount of each claim and the classification (*i.e.*, unsecured, priority, administrative expense, or secured) the Debtors believe should be afforded to the claim;

    g)      be numbered consecutively with other Omnibus Objections filed by the same objector; and

    h)      contain objections to no more than 100 claims.

## BASIS FOR RELIEF

17. A debtor may rebut a properly filed proof of claim by filing an objection with the court pursuant to Bankruptcy Rule 3007. Bankruptcy Rule 3007(c) provides that, subject to Bankruptcy Rule 3007(d), or as otherwise ordered by the Court, an objection may address no more than one claim.

18. In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out

---

against the estate has been disallowed; (b) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance . . . ; or (c) such entity asserts a right of subrogation to the rights of the creditor under section 509 of [the Bankruptcy Code]."

the provisions [of the Bankruptcy Code]." The purpose of Bankruptcy Code section 105(a) is to ensure a bankruptcy court's power to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2 COLLIER ON BANKRUPTCY, ¶ 105.01 (15th rev. ed. 1997); *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (equitable powers derive from section 105); *Mgmt. Tech. Corp. v. Pardo (In the Matter of Mgmt. Tech. Corp.)*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (same).

19.    Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g., Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."); *Keene Corp. v. Acstar Ins. Co. (In re Keene Corp.)*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (A bankruptcy court can use its equitable powers under section 105(a) "to assure the orderly conduct of the reorganization proceedings.").

20.    Authorizing the Debtors to file Omnibus Objections on the Additional Permitted Grounds is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of cases. Allowing the Debtors to file Omnibus Objections to 100 claims at a time on the Additional Permitted Grounds will not prejudice the rights of creditors. Bankruptcy Rule 3007 already allows the Debtors to file Omnibus Objections to no more than 100 claims, albeit on other grounds, and the Debtors

will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each creditor.

21. Given the substantial number of Proofs of Claim that have been filed in these cases, granting the Debtors authority to file Omnibus Objections on the Additional Permitted Grounds will allow them to complete the claims administration process timely and efficiently. The ability to file Omnibus Objections on the Additional Permitted Grounds obviates the need for the Debtors to prepare and file, and the Court to review, dozens (or more) of individual objections—a time consuming, expensive, and potentially duplicative endeavor for the Debtors and an unnecessarily burdensome task for the Court.

22. Furthermore, the filing of numerous individual claim objections is likely to materially delay the claims resolutions process, and, ultimately, the distribution to the creditors. Therefore, allowing the Debtors to file Omnibus Objections on the Additional Permitted Grounds would enhance creditors' rights by not only preserving the value of the Debtors' estates available for distribution, but also expediting distributions to creditors. Accordingly, the Court should authorize the Debtors to file Omnibus Objections in accordance with the Claim Objection Procedures.

23. The Debtors reserve the right to seek modification of the Claim Objection Procedures as they deem appropriate.

## NOTICE

24. Notice of this Motion has been provided in accordance with the *Administrative Order Establishing Case Management Procedures* [Dkt. No. 72]. The Debtors submit that, under the circumstances, no other or further notice is necessary.

**NO PRIOR RELIEF**

25. No previous request for the relief sought has been made by the Debtors to this or any other Court.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, approving the Claim Objection Procedures and granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: May 28, 2014<br>New York, New York | STROOCK & STROOCK & LAVAN LLP<br><br>/s/ Sayan Bhattacharyya<br>Kristopher M. Hansen<br>Sayan Bhattacharyya<br>Matthew G. Garofalo<br>Gabriel E. Sasson<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Telephone: (212) 806-5400<br>Facsimile: (212) 806-6006<br><br>*Counsel to the Debtors and*<br>*Debtors-in-Possession* |

# EXHIBIT A

**Proposed Order**

13-14050-mg    Doc 579    Filed 05/28/14    Entered 05/28/14 15:03:10    Main Document
Pg 13 of 16

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
:
In re:                                              :    Chapter 11
:
LHI LIQUIDATION CO. INC., *et al.*,[1]              :    Case No. 13-14050 (MG)
:
    Debtors.                                        :    (Jointly Administered)
:
------------------------------------------------------------ x

## ORDER APPROVING CLAIM OBJECTION PROCEDURES

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), seeking entry of an order approving the Claim Objection Procedures, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1.  The Motion is GRANTED to the extent provided herein.

2.  The Claim Objection Procedures as set forth in the Motion are approved.

3.  Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors and other parties in interest (to the extent that such other parties in interest have standing to do

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) LHI Liquidation Co. Inc. (f/k/a Loehmann's Holdings Inc.) (9380); (ii) LI Liquidation Co. Inc. (f/k/a Loehmann's, Inc.) (1356); and (iii) LOC Liquidation Co. Inc. (f/k/a Loehmann's Operating Co.) (6681).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

so), in addition to those grounds set forth in Bankruptcy Rule 3007(d), are authorized to file Omnibus Objections to claims seeking reduction, reclassification, expungement or disallowance of claims on one or more of the following grounds:

- a) The amount claimed contradicts the Debtors' books and records;
- b) The claims were incorrectly classified or seek improper priority;
- c) The claims seek recovery of amounts for which the Debtors are not liable;
- d) the claims have been waived or withdrawn pursuant to an agreement with the Debtors (e.g., fully insured claims);
- e) the claims fail to specify the asserted claim amount (other than "unliquidated");
- f) the claims fail to specify a Debtor against whom the Proof of Claim is asserted;
- g) The claimant did not include sufficient documentation to ascertain the validity of the claim; or
- h) The claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

4. Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Objections set forth in Bankruptcy Rule 3007(e).

5. Any order sustaining an Omnibus Objection shall be a final order for each claim referenced in the Omnibus Objection as if an individual objection had been filed for such claim, and any stay of an order sustaining an Omnibus Objection with respect to a particular claim shall be only a stay with respect to such claim and not with respect to any other claims referenced in such order.

6. Nothing in this Order shall constitute an admission of the validity, nature, amount, or priority of any claim asserted in these Chapter 11 Cases.

7. Entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
    New York, New York

                          THE HONORABLE MARTIN GLENN
                          UNITED STATES BANKRUPTCY JUDGE