UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                       :

In re:                                               :             Chapter 11
                                                       :

LHI LIQUIDATION CO. INC., *et al.*,[1]     :             Case No. 13-14050 (MG)
                                                       :

                               Debtors.        :             (Jointly Administered)
                                                       :

------------------------------------------------------------ x

## ORDER APPROVING CLAIM OBJECTION PROCEDURES

Upon consideration of the motion (the "Motion," ECF Doc. # 579)[2] of the debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), seeking entry of an order approving the Claim Objection Procedures, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1.       The Motion is GRANTED to the extent provided herein.

2.       The Claim Objection Procedures as set forth in the Motion are approved.

3.       Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors and other parties in interest (to the extent that such other parties in interest have standing to do

---

[1]      The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) LHI Liquidation Co. Inc. (f/k/a Loehmann's Holdings Inc.) (9380); (ii) LI Liquidation Co. Inc. (f/k/a Loehmann's, Inc.) (1356); and (iii) LOC Liquidation Co. Inc. (f/k/a Loehmann's Operating Co.) (6681).

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

so), in addition to those grounds set forth in Bankruptcy Rule 3007(d), are authorized to file Omnibus Objections to claims seeking reduction, reclassification, expungement or disallowance of claims on one or more of the following grounds:

    a)    The amount claimed contradicts the Debtors' books and records;

    b)    The claims were incorrectly classified or seek improper priority;

    c)    The claims seek recovery of amounts for which the Debtors are not liable;

    d)    the claims have been waived or withdrawn pursuant to an agreement with the Debtors (e.g., fully insured claims);

    e)    the claims fail to specify the asserted claim amount (other than "unliquidated");

    f)    the claims fail to specify a Debtor against whom the Proof of Claim is asserted;

    g)    The claimant did not include sufficient documentation to ascertain the validity of the claim; or

    h)    The claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

4.    Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Objections set forth in Bankruptcy Rule 3007(e).

5.    Any order sustaining an Omnibus Objection shall be a final order for each claim referenced in the Omnibus Objection as if an individual objection had been filed for such claim, and any stay of an order sustaining an Omnibus Objection with respect to a particular claim shall be only a stay with respect to such claim and not with respect to any other claims referenced in such order.

6.    Nothing in this Order shall constitute an admission of the validity, nature, amount, or priority of any claim asserted in these Chapter 11 Cases.

7.    Entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: June 10, 2014
New York, New York

                                                 **_/s/Martin Glenn_**
                                                 MARTIN GLENN
                                       United States Bankruptcy Judge